UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOIS RANDAZZO, | ) |
|         Plaintiff, | ) Case No.: 2:14-cv-1042-GMN-GWF |
| vs. | ) |
| | ) **ORDER** |
| RALPHS GROCERY COMPANY dba FOOD 4 LESS, | ) |
|         Defendant. | ) |

Pending before the Court is Defendant Ralph's Grocery Company's ("Defendant") Motion to Exclude. (ECF No. 15).[1]  Plaintiff Lois Randazzo ("Plaintiff") filed a Response, (ECF No. 16), and Defendant filed a Reply (ECF No. 17).  For the reasons discussed below, Defendant's Motion will be **DENIED**.

**I.   BACKGROUND**

Plaintiff filed her Complaint on June 2, 2014, in the Eighth Judicial District of Nevada. (*See* Compl., ECF No. 1-1).  Plaintiff alleges Defendant was negligent in maintaining its premises and, as a result of this negligence, Plaintiff slipped and fell inside Defendant's store. (*Id*. at 2:15-3:5).  Shortly after filing the Complaint, Plaintiff's counsel filed an *ex parte* motion to depose Plaintiff in order to preserve Plaintiff's testimony in light of her worsening health. (Response to Mot. to Exclude 2:25-28, ECF No. 16).  This motion was granted by the Nevada State Court, and both parties' counsel deposed Plaintiff while she was in the intensive care unit of Summerlin Hospital on June 18, 2014. (Dep. of Lois Randazzo, ECF No. 15-8).

---

[1] Defendant's counsel titles the present Motion as a Motion to "Suppress." However, motions to prevent the introduction of evidence in advance of trial in civil matters are more commonly referred to as motions to "exclude." *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Accordingly, the Court will refer to present Motion as a motion to exclude.

Defendant removed the case to this Court on June 27, 2014. (Pet. for Removal, ECF No. 1).  Following Plaintiff's death on January 30, 2015, Plaintiff's interest in this action has been represented by Jeffrey Randazzo in his capacity as special administrator of Plaintiff's estate. (Notice of Appointment, ECF No. 29).  In the instant Motion, Defendant requests that Plaintiff's June 18, 2014, deposition testimony be excluded from trial.

## II.  LEGAL STANDARD

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "To exclude evidence on a motion *in limine* the evidence must be inadmissible on all potential grounds." *Gladwell v. Ruby Pipeline, LLC*, No. 3:11-cv-00251-RCJ-WGC, 2012 WL 3886112 (D. Nev. Sept. 6, 2012) (internal quotation marks omitted).

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 402.  In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States,* 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the

course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984) (citing Federal Rule of Evidence 103(c)). *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n. 3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III.   DISCUSSION

In the instant Motion, Defendant asserts the Court should exclude Plaintiff's deposition from evidence pursuant to Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 403. (Mot. to Exclude 4:2-5:5, ECF No. 15). To support this assertion, Defendant relies on two arguments: (1) Plaintiff's testimony was inaccurate; and (2) the testimony makes an improper appeal to sympathy that will severely prejudice Defendant. (*Id.*).[2] The Court will assess each of these arguments in turn.

### A. Inaccuracy

Defendant points out inconsistencies between Plaintiff's deposition testimony and other evidence on the record, and claims that these discrepancies render Plaintiff's testimony "irrelevant." (Def.'s Reply 3:2-13, ECF No. 17). However, by requesting that the Court exclude the deposition testimony because it does not corroborate Defendant's preferred narrative, Defendant improperly asks the Court to weigh the evidence prior to trial.

Although the Court is permitted to weigh any factors counseling against admissibility, *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008), it is not the Court's prerogative to take on the role of factfinder and determine which party's evidence is true and

---

[2] Defendant also argues that the testimony should be excluded because Plaintiff was not competent during the deposition. A witness' lack of competence is not a possible ground for the exclusion of evidence pursuant to Federal Rule of Civil Procedure 32 or Federal Rule of Evidence 403. Therefore, Defendant has failed to demonstrate that Plaintiff's deposition testimony could be excluded even if Plaintiff was incompetent when the deposition was taken. Thus, Court will not analyze Defendant's arguments regarding Plaintiff's competence at this time.

which is false before trial has even commenced, *see, e.g.*, *Brown v. Hillcrest Foods, Inc.*, No. 3:02-CV-449, 2006 WL 3359487, at *2 (W.D.N.C. Nov. 17, 2006) ("Defendant attempts to circumvent the applicable standard as Defendant asks the Court to weigh evidence and assess witness credibility—functions reserved for the jury."). Therefore, Defendant's arguments regarding the inaccuracy of Plaintiff's testimony are not sufficient to warrant a finding that the deposition is inadmissible.

### B. Unfair Prejudice

Federal Rule of Evidence 403 permits a court's exclusion of relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: (1) unfair prejudice; (2) confusing the issues; (3) misleading the jury; (4) undue delay; (5) wasting time; or (6) needlessly presenting cumulative evidence.

Defendant asserts it will be unfairly prejudiced if this Court admits the deposition testimony into evidence. (Mot. to Exclude 10:22-25, ECF No. 15). To support this argument, Defendant emphasizes that the deposition occurred at a hospital while Plaintiff's health was deteriorating, which Defendant characterizes as an obvious appeal to a jury's sympathy. (*Id.* at 10:23-26). Defendant's counsel further alleges that she was not present for a significant portion of the deposition because Plaintiff provided her with the incorrect room number, (*id.* at 3:28-4:3), and that her time was cut short by one of Plaintiff's doctors, (*id.* at 4:6). Moreover, Defendant alleges it was unable to schedule another deposition with Plaintiff in order to conduct a proper cross examination. (*Id.* at 4:7-10).

The deposition transcript does not corroborate Defendant's counsel's characterization of the proceedings. Defendant's counsel missed less than five minutes of the deposition. (Dep. of Lois Randazzo 7:21-8:2, ECF No. 16-1). Upon her arrival, Plaintiff's counsel stopped questioning Plaintiff and informed Defendant's counsel that Plaintiff's doctor had limited the deposition to one hour, and that each party would have thirty minutes to depose Plaintiff. (*Id.*).

Plaintiff's counsel stopped questioning Plaintiff after seventeen minutes. (*Id.* at 20:15). Defendant's counsel then questioned Plaintiff for sixteen minutes, and concluded by saying "I have no other questions." (*Id.* at 34:25). There is nothing in the deposition transcript that indicates Defendant's counsel's questioning was cut off early by the supervising doctor. Nevertheless, even if Defendant's complaints regarding the way in which the deposition was carried out were true, these observations fail to indicate how the introduction of Plaintiff's deposition testimony might cause unfair prejudice at trial. Therefore, Defendant has failed to demonstrate that the deposition testimony should be excluded pursuant to Rule 403.

Defendant's counsel appears to argue that even if the transcript is not excluded, the video recording of the deposition testimony should be excluded due to the risk of unfair prejudice caused by the jury actually seeing Plaintiff in a state of deteriorating health. (*See* Mot. to Exclude, ECF No. 15). However, Defendant's counsel has not submitted the recording of the deposition to the Court. Standing alone, the mere fact that the video shows Plaintiff testifying while severely ill is not sufficient to warrant the Court's exclusion of the video recording of the deposition, especially considering that the visible manner and demeanor of a witness are important factors in determining a witness' credibility. *See, e.g*, *Ballou v. United States*, 370 F.2d 659, 664 (6th Cir. 1966).

Therefore, Defendant has failed to show that the probative value of Plaintiff's testimony is substantially outweighed by the risk of unfair prejudice. To the extent Defendant wishes to challenge the relevance of Plaintiff's deposition testimony, the Court will consider appropriate objections at trial.

## IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude, (ECF No. 15), is **DENIED**.

**DATED** this 23rd day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court